# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Michael G. Naessens, | Case No. 2:25-cv-01079-RFB-NJK |
|     Plaintiff(s), | **Order** |
| v. | [Docket Nos. 62-65] |
| Bank of America, N.A., | |
|     Defendant(s). | |

Pending before the Court are Plaintiff's motions to compel Defendant to amend its certificate of interested parties and for sanctions. Docket No. 62-65.[1] Defendant filed a response in opposition. Docket No. 71. Plaintiff filed a reply. Docket No. 73. The Court does not require a hearing. *See* Local Rule 79-1.

A party must file a certificate of interested parties to identify persons, associations, firms, partnerships, or corporations that have a "direct, pecuniary interest in the outcome of the case." Local Rule 7.1-1. A central function of this filing is to alert the assigned judges to potential recusal issues. *See id.*

The instant motion practice centers on Plaintiff's contention that Defendant should have identified Early Warning Services, LLC as an interested party in its certificate. *See, e.g.*, Docket No. 62 at 1. To the extent Plaintiff believes Early Warning Services, LLC is an interested party, then Plaintiff could identify it on his own certificate of interested parties. *See* Local Rule 7.1-1 (requiring certificates of interested parties to be filed by *pro se* plaintiffs). Indeed, Plaintiff appears to have now effectively done that. *See* Docket No. 19. Hence, it would appear the central function

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

of these filings (alerting the judges to potential recusal issues) has been fulfilled.[2]  Moreover, the Court is not persuaded that sanctions should be imposed based on the circumstances.

Accordingly, Plaintiff's motions to compel and for sanctions are **DENIED**.[3]

IT IS SO ORDERED.

Dated: October 1, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Plaintiff seems to misunderstand the function of certificates of interested parties.  For example, Plaintiff argues that his "ability to conduct discovery against a necessary party" has been thwarted.  Docket No. 62 at 2.  The scope of relevance for discovery purposes is tied to the claims and defenses in the case, *see* Fed. R. Civ. P. 26(b)(1), and Plaintiff does not explain why discovery is impacted by the contents of a certificate of interested parties.

[3] The motion to compel seeks an order that Defendant file a corrected certificate of interested parties.  Docket No. 62 at 1.  The reply brief seeks different relief.  *See* Docket No. 73.  The Court declines to address requests for relief raised for the first time in reply.  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).